UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GRETCHEN LAUER, INDIVIDUALLY AND ON BEHALF OF THE CLASS OF PERSONS WITH COMMON CLAIMS | CIVIL ACTION |
| VERSUS | NO. 06-1423 |
| CHAMALE COVER, A PARTNERSHIP IN COMMENDAM, CHAMALE PROPERTY OWNERS ASSOCIATION, INC., AND STATE FARM INSURANCE COMPANY | SECTION C |

ORDER & REASONS

Before this Court is a Motion to Remand (Rec. Doc. 8) filed by Plaintiff, Gretchen Lauer ("Plaintiff" or "Lauer"). Defendant, State Farm Fire and Casualty Company, erroneously sued as State Farm Insurance Company ("State Farm"), opposes the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the Motion to Remand is **DENIED.**

I. BACKGROUND

Plaintiff owned a condominium in Chamale Cove in Slidell, Louisiana and paid dues to the Chamale Property Owners Association ("the Association"). The dues, in part, were used to procure property damage and flood insurance for the condominium complex from State Farm.

Chamale Cove was damaged during Hurricane Katrina. The Association allegedly made claims to State Farm and hired contractors without receiving any input from the condominium owners on their amounts of damages or contents loss.

Plaintiff brought this suit, individually and on behalf of the class of persons with common claims, in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana. In her petition, she alleges that State Farm and the Association conspired to deprive her and the other members of the class of the full value owed to them under the property damage and flood insurance policies. Defendant, State Farm, removed the action to this Court claiming federal jurisdiction under of 42 U.S.C. § 4072 and 28 U.S.C. §§ 1331 and 1442. Furthermore, State Farm asserts that this Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, supplemental jurisdiction.

## II. STANDARD OF REVIEW

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. *See,* 28 U.S.C. § 1441 (2006). In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. *See, De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995). To do so, the removing party must show that federal jurisdiction appears on the face of the complaint. *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). Here, State Farm alleges three alternatives for federal jurisdiction, namely, 42 U.S.C. § 4072 and 28 U.S.C. §§ 1331 and 1442. This Court only needs one basis for jurisdiction to be able to hear the case.

**III. ANALYSIS**

Congress established the National Flood Insurance Program ("NFIP") by enacting the National Flood Insurance Act of 1968 ("Act"), 42 U.S.C. § 4001, *et. seq*. Under the NFIP, the director of the Federal Emergency Management Agency ("FEMA"), can use private insurance companies, i.e. Write-Your-Own ("WYO") companies, to aid in the administration of the program. The public can purchase insurance policies either directly from FEMA or from the WYO companies. 42 U.S.C. § 4071-72 (2006). Section 4072 also provides that the federal court has original and exclusive jurisdiction for claims arising under the NFIP. It is clear that the Federal District Courts have exclusive subject matter jurisdiction in cases arising out of claims under insurance policies issued pursuant to the NFIP. *Powers v. Autin-Gettys-Cohen Ins. Agency, Inc., et. al.*, 2000 WL 1593401, *2 (E.D.La. 2000); *Corliss v. South Carolina Ins. Co.*, 2004 WL 2988497, *2 (E.D.La. 2004).

Here, Plaintiff is suing State Farm. State Farm is an WYO company, which issued a flood insurance policy to the Association pursuant to the NFIP. In her petition, Plaintiff asserts that she and the other condominium owners, who belong to the Association, have the only insurable interests in the condominiums. She alleges that State Farm acted improperly in administering the claims under the flood insurance policy. Specifically, Plaintiff alleges that State Farm is liable to the property owners for any deficiency in funds needed to repair their homes, because State Farm either negligently or intentionally failed to obtain damage estimates from the individual property owners, undervalued the damage, settled the claims below the policy limits and dealt unfairly with the property owners. Plaintiff also claims that State Farm was negligent in not putting the individual property owners' names on the settlement documents,

checks or drafts issued for damage to the condominiums. These allegations all arise out of claims under a NFIP insurance policy. Thus, the federal court has original jurisdiction under 42 U.S.C. § 4072.

Furthermore, this Court has jurisdiction under 28 U.S.C. § 1331. Determining the proper administration of a NFIP insurance policy requires the application of federal law, i.e. it is a federal question. Also, this Court has jurisdiction over Plaintiff's state law causes of action, because all claims in this suit arise from the administration of the insurance policies after Hurricane Katrina. As a result, they are all party of the "same case or controversy." 28 U.S.C. § 1367 (2006).

Finally, because State Farm properly removed this case on the bases of original jurisdiction and federal question jurisdiction, there is no need to consider State Farm's jurisdictional claim under 28 U.S.C. § 1442.

## IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion to Remand is **DENIED**.

New Orleans, Louisiana, this 18th day of September, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE