UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GRETCHEN LAUER, INDIVIDUALLY AND ON BEHALF OF THE CLASS OF PERSONS WITH COMMON CLAIMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-1423** |
| **CHAMALE COVER, A PARTNERSHIP IN COMMENDAM, CHAMALE PROPERTY OWNERS ASSOCIATION, INC., AND STATE FARM INSURANCE COMPANY** | **SECTION C** |

## ORDER AND REASONS

Before this Court is a Motion to Dismiss Class Action filed by defendant, State Farm Fire and Casualty Company, erroneously sued as State Farm Insurance Company ("State Farm") (Rec. Doc. 26). The plaintiff, Gretchen Lauer ("Lauer") opposes the motion and requests an extension of time in which to certify the class. The motion is before the Court on the briefs, without oral argument. Having considered the memorandum of counsel, the record, and the applicable law, the Court finds that the motion is **GRANTED.**

**I. BACKGROUND**

Lauer owned a condominium in Chamale Cove in Slidell, Louisiana and paid dues to the Chamale Property Owners Association ("the Association"). The dues, in part, were used to procure property damage and flood insurance for the condominium complex from State Farm.

Chamale Cove was damaged during Hurricane Katrina.  The Association allegedly made claims to State Farm and hired contractors without receiving any input from the condominium owners on their amounts of damages or contents loss.

Lauer brought this suit, individually and on behalf of the class of persons with common claims, in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana on February 16, 2006.  State Farm, removed the action to this Court on March 20, 2006.  Then on September 18, 2006, this Court denied the plaintiffs' motion to remand.  State Farm now moves to dismiss the class action on the grounds that the plaintiffs have failed to timely move for class certification, as required by Local Rule 23.1B and Federal Rule of Civil Procedure 23(c)(1).

In response to State Farm's motion, Lauer requested an extension of time in which to move for class certification.  She claims that she has not been able to locate the potential class members because they have relocated following Hurricane Katrina.

**II. ANALYSIS**

Local Rule 23.1B provides that:

> [w]ithin 90 days after the filing of a complaint in a class action, unless this period is extended on a motion for good cause appearing, the plaintiff shall move for certification under FRCvP 23(c)(1)[1], as to whether the case is to be maintained as a class action.

When a case has been removed, the 90 days begins to run from the date of removal.  *Mayer v. Lamarque Ford, Inc.,* 2000WL 1140497 (E.D.La.) (citing *Joseph N. Main P.C. v. Electronic*

---

[1] Federal Rule of Civil Procedure 23(c)(1) provides the procedure and requirements for moving for class certification.

*Data Sys. Corp.*, 168 F.R.D. 573, *1, n.2 (N.D.Tex. 1996)).

Here, 295 days have passed in between the date of removal and the filing of this motion to dismiss. Also, 133 days have passed since the denial of the Lauer's motion to remand. Thus, Lauer clearly has missed the 90 day window for filing for class certification. Furthermore, she did not file for an extension of time in which to move for class certification until after this motion to dismiss was filed. Although the Court is sympathetic to Lauer's alleged difficulty in locating potential plaintiffs, she has had almost a year from the date of filing the action in which to do so. Any further dely would prejudice the defendants. As a result, dismissal is appropriate. See, *Stewart v. Project Consulting services, Inc.*, 2001 WL 1000732 (E.D.La.); *Williamson v. Swiss Reinsurance America Corp.,* 2003 WL 22326518 (E.D.La.); *In re Alex Cook v. Illinois Central R.R. Co.*, 1995 WL 24233 (E.D.La. 1994).

### III. CONCLUSION

Accordingly,

IT IS ORDERED that State Farm's Motion to Dismiss Class Action is hereby **GRANTED**.

New Orleans, Louisiana this 23rd day of January, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE